JOHN W. DAWSON, PLAINTIFF IN ERROR, V. JAMES A. WELSH, DEFENDANT IN ERROR.

Justice of Peace: NEW TRIAL: CHANGE OF VENUE: APPEARANCE. Where judgment was rendered by a justice of the peace against a defendant, in his absence, after appearance and adjournment of the cause, which judgment was upon defendant's motion set aside under the provisions of section 1001 of the civil code, and the defendant thereupon filed a motion for a change of venue, which was granted, the cause being sent to another justice, where both parties appeared, and upon the demand of the plaintiff a jury trial was had upon the merits of

the case, *It was Held,* That by the appearance and trial of the cause before the second justice the plaintiff waived whatever error might have been committed by the first justice of the peace in setting aside the judgment and granting a new trial.

ERROR to the district court for Nemaha county. Tried below before BROADY, J.

*Stull & Edwards,* for plaintiff in error.

*G. W. Cornell,* for defendant in error.

REESE, CH. J.

This action was originally instituted before W. W. Warren, a justice of the peace, in Nemaha county, to recover the sum of $100. A summons was issued, returnable on the 25th day of June, 1888, at eight o'clock A.M., at which time the parties appeared, and agreed to an adjournment of the trial until the 6th day of July, 1888, at eight o'clock in the forenoon. At the time set for trial the defendant failed to appear, and after waiting one hour, the plaintiff being present, a trial was had, in defendant's absence, which resulted in a finding and judgment in favor of the plaintiff. The defendant appeared soon afterwards, and before the plaintiff had left the office of the justice, and filed a motion to set aside the judgment, under the provisions of section 1001 of the civil code. This motion was sustained, and the cause set for hearing on the 16th day of July. On that day the defendant filed an affidavit for a change of venue, on the ground of the bias and prejudice of the justice. The venue was changed, and the cause was sent before George Fablinger, the nearest justice of the peace in the county. Upon the cause being docketed, Justice Fablinger set a day for hearing. On that day the parties appeared, and the defendants demanded a jury. The cause was then adjourned until the 20th day of July, at 9 o'clock A.M., when they again appeared, and

the plaintiff filed a motion for a change of venue to another justice, which was overruled. On the application of the plaintiff, the cause was then continued to July 25th, at 9 o'clock in the forenoon. At that time the demand for a jury, previously made by defendant, was withdrawn. The cause was then continued, by agreement, until August 2d, at one o'clock in the afternoon, at which time defendant filed his bill of particulars for a set-off. Plaintiff then filed a motion to compel defendant to make his bill of particulars more specific and definite. This motion was overruled by the court, but afterwards submitted to by defendant, who amended his bill. Plaintiff then demanded a jury. A summons was issued and the jury appeared, when a trial was had, resulting in a verdict and judgment in favor of defendant. The cause was then removed to the district court by proceedings in error, where the judgment of the justice of the peace was affirmed, and it is now brought into this court by plaintiff by like proceedings.

The principal and controlling question presented by counsel arises from the alleged illegal action of Justice Warren, in setting aside the judgment rendered by him on the 6th day of July, the day to which the trial was originally adjourned. It is insisted that the order setting aside said judgment was void, and that no jurisdiction was had thereafter, either by Justice Warren or by Justice Fablinger, and that, therefore, the district court erred in affirming the judgment of Justice Fablinger. While it is no doubt true that the proper course would have been to have removed the cause to the district court by appeal, upon the judgment being rendered by Justice Warren, and while it may be true that had proper proceedings in error been instituted the order opening the judgment might have been vacated, yet there can be no doubt that, by the subsequent appearance, demand for a jury, and trial of the cause upon its merits, the right to question the erroneous action of Justice Warren was waived, and the judgment

rendered by Justice Fablinger upon the verdict of the jury was valid and regular. 1 Waits' Actions and Defenses, 51.   *Collins v. Davis*, 33 O. St., 567.   *Andrews v. Youngstown*, 35 O. St., 218.

The judgment of the district court is therefore affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.